NATIONAL UNION BANK OF MARYLAND (STEWART v.). See Case No. 13,-435.

## Case No. 10,054.

### The NATIVE.

[14 Blatchf. 34.] [1]

Circuit Court, S. D. New York. Nov. 11, 1876.

APPEAL—OBJECTION TOO LATE—MARITIME LIEN—SUPPLIES IN FOREIGN PORT — NECESSITY FOR CREDIT—PRIOR HYPOTHECATION BY OWNER.

1. It is too late to object to an appeal where both parties have treated it as valid.

2. A maritime lien exists for supplies furnished to a vessel in a foreign port. which were necessary and were furnished on the credit of the vessel, unless the necessity for such credit be disproved by proper evidence.

3. A hypothecation of a vessel by her owner, to secure a pre-existing debt. which, in its origin, gave no lien on the vessel. gives no priority to such hypothecation over a prior maritime lien on the vessel.

In admiralty.

Franklin A. Wilcox, for libellants.
Ira D. Warren, for claimants.

JOHNSON, Circuit Judge. The decree of the district court, dismissing the libel, was entered under date of July 14th, 1857. [Case No. 1,152a.] Notice of appeal was given and filed July 20th, 1857, a petition of appeal, with a proper bond for costs. was filed August 16th, 1858, and the return of the clerk was filed in this court September 19th, 1859. A decree of reversal was taken by default, in favor of the libellants, in April, 1872, which was subsequently waived by the libellants. At the last October term, the claimants, on the cause being moved for hearing, asked to have the appeal dismissed. No steps had ever been taken to set aside the appeal. I think the claimants are too late now to object to the appeal. both parties having treated it as valid.

Upon the merits, it is quite clear that the learned judge who made the decree pursued what was then understood to be the law of the land, as construed by the supreme court of the United States, and announced in Pratt

v. Reed. 19 How. [60 U. S.] 359. Since that decision, however, the cases of The Grapeshot, 9 Wall. [76 U. S.] 129; The James Guy, Id. 758; The Lulu, 10 Wall. [77 U. S.] 192; and The Kalorama and The Custer, Id. 204, have brought the subject again into discussion, and it is now settled, that a maritime lien exists for supplies furnished in a foreign port, which were necessary and were furnished on the credit of the vessel, unless the necessity for such credit be disproved by proper evidence, as pointed out in the several cases above cited.

The claim of the claimants is based upon an instrument given as security for a debt previously existing against the owner, and not originally incurred on account of the vessel in any respect. It was given by the owner in the port of New York. It engaged the owner absolutely to pay the amount named in it, with interest at seven per cent., in ten days after its date, and by it the owner hypothecates and assigns the vessel, &c., to the claimants. as security for the money named. It declares all risks of the seas, &c., to be for account of the owner, and is in no wise conditioned that any part of the money is put at hazard upon the vessel. For the debt before mentioned, the now claimants, the creditors of Cornelius, sued him in the state court, as a non-resident debtor, and obtained in that suit an attachment against his property; and the hypothecation was given, as the only witness on the subject stated, to satisfy the attachment of the vessel in the common law action. Under the attachment against the owner as non-resident, his interest only in the vessel could be made available for the benefit of the attaching creditor. The earlier maritime lien of the libellants for supplies could not be displaced by such attachment and seizure. The debt on which the attachment was issued was a mere personal demand against the owner. It was, therefore. not in the power of the owner and his creditor, by their mere agreement, to create, without any advance of money or new consideration, a lien which should defeat the existing maritime lien for supplies, by taking precedence over it. Whatever might be the rule in case money had been raised for such a purpose from a third person, the attaching creditor cannot be allowed, by agreement with the owner, to acquire a priority on behalf of a claim which, in its origin, gave no foundation for a lien upon the vessel. The Aurora, 1 Wheat. [14 U. S.] 96; 1 Pars. Shipp. & Adm. 154; Greely v. Smith [Case No. 5,-750]. Such a hypothecation cannot carry a greater right than a sale of the vessel. and that obviously would not have cut off the prior lien. There must be a decree for the libellants.

NATIVE, The (BEACH v.). See Case No. 1,152a.

1 [Reported by Hon. Samuel Blatchford. Circuit Judge, and here reprinted by permission.]